UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TIMOTHY M. WILLIAMSON<br>　　　Plaintiff, | Case No. 1:18-cv-569 |
| vs. | Black, J.<br>Bowman, M.J. |
| HAMILTON COUNTY SHERIFF, et al.,<br>　　　Defendants. | **ORDER AND REPORT AND RECOMMENDATION** |

Plaintiff has filed a pro se civil rights complaint under 42 U.S.C. § 1983 against defendants Hamilton County Sheriff Jim Neil and "Talbert House" alleging that his constitutional rights are being violated at the Hamilton County Jail.  (Doc. 1-1, at PageID 14-15). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*.

This matter is before the Court for a s*ua sponte* review of the complaint (Doc. 1-1) to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**I.　　Screening of Complaint**

　　**A.　　Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see*

*also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

2

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.     Plaintiff's Complaint**

Plaintiff alleges that his religious rights are being violated because he is being denied Kosher meals.  He alleges that on June 15, 2018, he sent a grievance requesting Kosher meals, but that his grievance was not answered.  He further alleges that unidentified individuals told him that he cannot choses a religion to practice while in jail and that Chaplain S. Warren, who is not named as a defendant in this action, said that "all of this has to happen outside of jail." (Doc. 1-1, at PageID 15).

Plaintiff also alleges that defendant Talbert House refuses to allow him to participate in a recovery program because of a medication that he is taking to prevent seizures.  (Doc. 1-1, at PageID 15).  Plaintiff contends that he is being denied court-ordered treatment.  (Doc. 1-1, at PageID 15).

For relief, plaintiff seeks monetary and injunctive relief.  (Doc. 1-1, at PageID 16).

**C.     Analysis**

Liberally construed, it appears that plaintiff is challenging a policy at the Hamilton

County Jail that allegedly resulted in a violation of his religious rights by denying him Kosher meals. At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that this claim is deserving of further development and may proceed at this juncture. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). However, plaintiff's remaining claims should be dismissed for failure to state a claim upon which relief may be granted.

First, although plaintiff may proceed at this juncture with his claim against Hamilton County Sheriff Jim Neil based on the allegedly unconstitutional policy that resulted in the denial of plaintiff's requests for Kosher meals, such a claim is an official capacity claim and is treated as a claim against Hamilton County, Ohio, the entity of which Sheriff Neil is an agent. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Kentucky v. Graham*, 473 U.S. 159 (1985); *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978); *see also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff has failed to state a claim against Hamilton County Sheriff Jim Neil in an individual capacity, however, because plaintiff has failed to allege facts showing that Sheriff Neil was personally present or had any involvement in the alleged incidents. "A supervisory employee cannot be held liable under § 1983 for the constitutional torts of those he supervises unless it is shown 'that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).

Next, to the extent that plaintiff alleges that his grievances went unanswered, such allegations fail to state a claim for relief because "there is no inherent constitutional right to an effective prison grievance procedure." *See Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir.

2002) (citing *Antonelli v. Sheahan,* 81 F.3d 1422, 1430-31 (7th Cir. 1996)).

Further, plaintiff has not stated a claim for relief concerning the denial of rehabilitation services. To the extent that plaintiff could establish that Talbert House is a proper party to this action, *see* § 1983 (applying by its language to persons acting under color of state law), plaintiff does not have a constitutional right to eligibility for rehabilitation programs in prison. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *see also Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) ("Prisoners have no constitutional right to rehabilitation, education, or jobs"); *Carter v. McCabe*, 29 F. Supp.2d 423, 428 (W.D. Mich. 1998) ("Regardless of the source−a regulation, a statute, or a court order−a liberty interest is not implicated in a condition of sentence unless an 'atypical hardship' must be endured in its absence.") (citing *Sandin v. Conner*, 515 U.S. 472 (1995)); *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996) (finding that denial of rehabilitative activities did not impose "atypical and significant hardship").

Accordingly, in sum, plaintiff may proceed with his official capacity claim against defendant Hamilton County Sheriff Jim Neil for allegedly violating plaintiff's religious rights by denying plaintiff Kosher meals. However, the remainder of plaintiff's complaint should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's official capacity claim against defendant Hamilton County Sheriff Jim Neil for allegedly violating plaintiff's religious rights by denying plaintiff Kosher meals.

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the separate

Order issued granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendant Hamilton County Sheriff Jim Neil.

    2.  Plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or defendant's counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

    3.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TIMOTHY M. WILLIAMSON            Case No. 1:18-cv-569
     Plaintiff,

                                                Black, J.
     vs.                                          Bowman, M.J.

HAMILTON COUNTY SHERIFF, et al.,
     Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).