# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY WILLIAMSON, | : | Case No. 1:18-cv-569 |
|    Plaintiff, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| | : | Magistrate Judge Stephanie K. |
| HAMILTON COUNTY SHERIFF, *et al.*, | : | Bowman |
| | : | |
|    Defendants. | : | |

## DECISION AND ENTRY
## ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 4)

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on September 7, 2018, submitted a Report and Recommendation (Doc. 4). Plaintiff filed an objection ("Objection") (Doc. 6).[1]

---

[1] The Objection argues Plaintiff has a viable claim under 42 U.S.C. § 12132 against Defendant Talbert House, who Plaintiff alleges refused to provide Plaintiff rehabilitation services due to the medicine Plaintiff was taking. This argument is not availing. 42 U.S.C. § 12132 states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities <u>of a public entity</u>, or be subjected to discrimination by any such entity." (Emphasis supplied). A "public entity" includes "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or a States or local government[.]" 42 U.S.C. § 12131(1)(A)-(B). In other words, a "public entity" is either a traditional government unit or created by one. *See Edison v. Douberly*, 604 F.3d 1307, 1309 (11th Cir. 2010). Conversely, private entities that contract with local governments are private, not public, entities. *Id*. There are simply no allegations in the Complaint from which the Court can infer that Talbert House is a "public entity," i.e., that it is, or was created by, a traditional unit of Hamilton County government. The Objection (Doc. 6) is **OVERRULED**.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that the Report and Recommendation should be and is hereby adopted in its entirety. Accordingly:

1. The Report and Recommendation (Doc. 4) is **ADOPTED**;

2. Plaintiff's Objection (Doc. 6) is **OVERRULED**; and

3. The Complaint is **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of Plaintiff's official capacity claim against defendant Hamilton County Sheriff Jim Neil for allegedly violating Plaintiff's religious rights by denying Plaintiff Kosher meals.

**IT IS SO ORDERED.**

Date: 4/4/19

Timothy S. Black
United States District Judge