UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TIMOTHY WILLIAMSON,

    Plaintiff,

v.

HAMILTON COUNTY SHERIFF et al.,

    Defendants.

Case No. 1:18-cv-569

Black, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff initiated this prisoner civil rights action on August 10, 2018. On September 7, 2018, the undersigned issued an Order directing the United States Marshals Service to serve the Complaint upon Defendant Hamilton County Sheriff (doc. 4). Plaintiff was further ordered to promptly inform the Court of any changes to his address which may occur during the pendency of this lawsuit. On November 30, 2018, the United States Postal Service returned mail addressed to Plaintiff to the Clerk of Court as undeliverable (doc. 10). The item of mail contained an endorsement indicating that the Plaintiff was no longer incarcerated at the Hamilton County Justice Center. Plaintiff has subsequently made no attempts at advising the Court of his new mailing address, as he was previously ordered to do.

Thereafter, the Court Ordered Plaintiff to show cause, why his Complaint should not be dismissed for want of prosecution and failure to abide by an Order of the Court. (Doc. 15).  The Court's show cause Order was returned as undeliverable.  (See Docs. 16, 17).

It is incumbent upon any litigant, including a *pro se* prisoner litigant, to keep the Court apprised of his current address. While some latitude may be extended to *pro se* litigants "when dealing with sophisticated legal issues ... there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss any case for "failure of the plaintiff to prosecute or to comply with the rules or order of the court...." Unless the court orders otherwise, a dismissal for failure to prosecute pursuant to Rule 41(b) is an adjudication on the merits that is to be given preclusive effect, barring subsequent actions based on the same allegations. *See Bragg v. Flint Bd. of Educ.*, 570 F.3d 775 (6th Cir. 2009). Without such basic information as a current address from a would-be plaintiff, a court has no recourse but to dismiss a complaint for failure to prosecute. *See, e.g., Whittaker v. Hilltop Records,* 2009 WL 2734052 (S.D. Ohio Aug. 27, 2009) (dismissal of pro se plaintiff); *Buck v. U.S. Dept. of Agriculture, Farmers Home Admin.*, 960 F.2d 603, 608–609 (6th Cir. 1992) (dismissal upheld in part due to counsel's failure to advise court of change of address).

Accordingly, **IT IS RECOMMENDED THAT** this case be dismissed based upon Plaintiff's failure to keep the Court apprised of his current address, and corresponding failure to prosecute.

   *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TIMOTHY WILLIAMSON,

    Plaintiff,

v.

HAMILTON COUNTY SHERIFF et al.,

    Defendants.

Case No. 1:18-cv-569

Black, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).